**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOISES MORENO-CRUZ, AKA Moises Moreno Cruz,<br><br>              Petitioner,<br><br>    v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>              Respondent. | No.    17-72011<br><br>Agency No. A206-149-636<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2020**

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Moises Moreno-Cruz, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT"). Our jurisdiction is

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that Moreno-Cruz failed to establish that he could not reasonably relocate within Mexico to avoid future persecution. *See* 8 C.F.R. § 1208.16(b)(2)-(3); *see also Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) (petitioner failed to meet her burden of establishing it would be unreasonable for her to relocate). The BIA did not err in finding that Moreno-Cruz failed to establish membership in a cognizable particular social group. *See Barbosa v. Barr*, 926 F.3d 1053, 1059-60 (9th Cir. 2019) (finding that individuals returning to Mexico from the United States who are believed to be wealthy does not constitute a particular social group). Thus, Moreno-Cruz's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Moreno-Cruz failed to show it is more likely than not he would be tortured by or

with the consent or acquiescence of the government if returned to Mexico. *See*

*Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too

speculative).

We lack jurisdiction to consider Moreno-Cruz's contentions regarding

substantial economic deprivation and a pattern or practice of persecution. *See*

*Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (the court lacks jurisdiction

to review claims not presented to the agency).

Finally, we reject as unsupported by the record Moreno-Cruz's contentions

that the agency applied the incorrect legal standards to his claims.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**